## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AVUE TECHNOLOGIES CORPORATION,**<br>1142 Broadway Plaza, Suite 400<br>Tacoma, WA 98402 | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )<br>) |
|  | ) **Case No. _____** |
| **DCI GROUP, L.L.C.,**<br>d/b/a DCI Associates<br>1828 L Street, NW<br>Suite 400<br>Washington, DC 20036 | )<br>)<br>)<br>)<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant DCI Group, L.L.C.[1], hereby provides

notice that this action is removed from the Superior Court for the District of Columbia to

the U.S. District Court for the District of Columbia. As grounds for removal, Defendant

states:

       1.      On information and belief, Avue Technologies Corporation ("Avue")[2] is,

and has been at all times mentioned herein, a business incorporated in the state of

Delaware, and with its principal place of business in Tacoma, Washington.

       2.      DCI Group, L.L.C. ("DCI") is, and has been at all times mentioned herein,

a limited-liability company organized in, and with its principal place of business in, the

---

[1]     DCI Group L.L.C. is the Respondent/Defendant in the case in the Superior
Court for the District of Columbia.

[2]     Avue Technologies Corporation is the Petitioner/Plaintiff in the case in the
Superior Court for the District of Columbia.

state of Arizona.  No member of DCI resides in or has a principal place of business in either Delaware or Washington.

3.    The above-entitled case is a civil action at law of which the U.S. District Court for the District of Columbia has original jurisdiction because it is a civil action between citizens of different states, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

4.    Avue instituted the state-court action in the Superior Court of the District of Columbia by filing a Motion to Stay Arbitration Proceedings [hereinafter "the Avue Motion"], and a Memorandum of Points and Authorities [hereinafter "the Avue Memorandum"] in support of that motion, on or about February 1, 2006.  DCI's lawyer received copies of the motion and memorandum thereafter, and signed an acknowledgment of receipt of service on  February 6, 2006.  DCI has neither entered an appearance nor filed any responsive pleading or other document in the state-court action.

5.    This action is removable to the U.S. District Court for the District of Columbia under 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" is removable to the division of the U.S. District Court embracing the place where such action is pending.  This District Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.

6.    This action involves a "Consulting Agreement" between the parties, and, in particular, the applicability of the Consulting Agreement's arbitration provision.  DCI has submitted a demand for arbitration of a dispute between the parties concerning payments that it alleges are due under the Consulting Agreement.  Avue alleges that

2

DCI's demand actually seeks arbitration of two disputes: one involving payment for government-relations services performed on Avue's behalf, and the other involving payment for Avue's sponsorship of Tech Central Station ("TCS").

7.      Although it acknowledges that the Consulting Agreement requires arbitration of DCI's claims relating to its government-relations services, Avue contends that the dispute concerning TCS sponsorship is outside the scope of the Consulting Agreement's arbitration provision.  Avue seeks to sever all claims regarding TCS sponsorship from the arbitration proceedings that DCI has instituted.

8.      Avue alleges that DCI seeks a total arbitration award of $565,500, plus interest, but that DCI's Statement of Claims (Exhibit B to the Avue Memorandum) does not specify how much of the total damages alleged relates to Avue's TCS sponsorship. Avue also alleges that, "on information and belief, a substantial amount of the sum that DCI alleges is owed by Avue relates to the TCS sponsorship agreement rather than the Consulting Agreement." Avue Memorandum ¶ 14.

9.      In fact, of the $565,500 in damages that DCI seeks in the arbitration, $40,000 of that amount relates to unpaid charges for Avue's TCS sponsorship. *See* Declaration of Howard Skolnik [attached as **Exhibit 2** to this document].

10.     In addition, Avue has asserted a counterclaim against DCI in the arbitration proceedings for an alleged failure by DCI to perform required services "in connection with the TCS sponsorship." Answering Statement and Counterclaims of Avue Technologies Corp. ¶ 8 (Exh. C to Avue Memorandum).  Avue seeks an award of $150,000 for this alleged failure. *Id.* ¶ 9.

3

11.    Therefore, in the underlying arbitration, the combined amount at issue concerning the portion of the dispute for which Avue seeks to avoid arbitration – *i.e.,* Avue's TCS sponsorship – is $190,000.  Because the amount in controversy in this proceeding exceeds the jurisdictional threshold for federal diversity jurisdiction, removal to this Court is proper.

12.    DCI attaches a copy of the pleadings and process in the state-court case as **Exhibit 1** to this document.  DCI is unaware of any process, pleadings, or orders other than the documents included in Exhibit 1.

**WHEREFORE**, DCI Group, L.L.C., gives timely and proper notice that it has removed the above-entitled action from the Superior Court of the District of Columbia to the U.S. District Court for the District of Columbia.

Respectfully submitted,

LATHROP & GAGE L.C.

Robert L. Gulley, D.C. Bar # 394061
Franklin Square, Suite 1050 East
1300 Eye Street, NW
Washington, DC  20005
Telephone:  (202) 962-0032
Telecopier:  (202) 962-0357
rgulley@lathropgage.com

Richard N. Bien, Pro Hac Vice
Adam B. Walker, D.C. #474029
LATHROP & GAGE L.C.
2345 Grand Blvd., Suite 2800
Kansas City, MO  64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

4

rbien@lathropgage.com
awalker@lathropgage.com

Jill Holtzman Vogel, Pro Hac Vice
HOLTZMANVOGEL PLLC
98 Alexandria Pike, Suite 53
Warrenton, VA  20186
Telephone:  (540) 341-8808

ATTORNEYS FOR DCI GROUP, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 24, 2006, I caused a copy of the foregoing to be sent by first-class U.S. Mail, postage prepaid, to the following party and counsel of record:

      Andrew H. Marks
      Crowell & Moring LLP
      1001 Pennsylvania Ave. NW
      Washington, DC 20004

      Attorney for Avue Technologies Corp.

6

CC 1569815v1

