8. The Agreement speaks for itself.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied that DCI is entitled to any attorneys' fees.

18. This averment does not require a response.

19. Avue denies that DCI is entitled to any of the relief that it seeks in Paragraphs 1 through 5 of its Prayer for Relief.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
(Consulting Agreement Payments)

1. Avue incorporates herein its responses set forth above in Paragraphs 1 through 19.

2. The Agreement provides that it can only be amended by a writing signed by both parties. *See* Agreement, §§ 6, 7.

3. The parties never signed a writing amending the $20,000 per month fee established by Section 4 of the Agreement.

4. Despite there being no amendment of the Agreement, DCI unilaterally increased the monthly fee under the Agreement from $20,000 to $30,000 beginning in June 2004.

5. Without realizing that an unauthorized rate increase had occurred, Avue mistakenly paid the $30,000 fee for the months of June, July, and August 2004, thus paying a total of $30,000 more than the parties had agreed. Avue is therefore entitled to recover $30,000 from DCI.

## SECOND COUNTERCLAIM
### (TCS Sponsorship Payments)

6. Avue incorporates herein its responses set forth above in Paragraphs 1 through 19.

7. It is Avue's position that this tribunal lacks jurisdiction over any claims relating to the TCS Sponsorship. Accordingly, this Counterclaim is asserted only in the event that this tribunal nevertheless seeks to exercise jurisdiction over DCI's claims relating to the TCS Sponsorship.

8. DCI failed to perform the services that DCI had promised to provide in connection with the TCS Sponsorship.

9. Avue made payments totaling $150,000 relating to the TCS Sponsorship. Because DCI failed to perform the promised services in connection with this Sponsorship, Avue is entitled to recover the $150,000, or at least most of that amount, that was paid to DCI.

## PRAYER FOR RELIEF

WHEREFORE, Avue Technologies Corporation requests a reasoned award as follows:

1. Denying all of DCI's claims for relief relating to the Agreement.

2. Dismissing all of DCI's claims relating to the TCS Sponsorship for lack of jurisdiction, or, if the tribunal seeks to exercise jurisdiction over such claims, then denying all of DCI's claims for relief relating to the TCS Sponsorship.

3. Awarding Avue $30,000 plus interest pursuant to its First Counterclaim.

    4.    In the event the tribunal seeks to exercise jurisdiction over DCI's claims for relief relating to the TCS Sponsorship, then awarding Avue $150,000 plus interest pursuant to its Second Counterclaim, or such other sum as may be deemed just and appropriate.

    5.    Awarding Avue such other and further relief as may be deemed just and proper.

    Respectfully submitted,

Andrew H. Marks  
Crowell & Moring LLP  
1001 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
(202) 624-2920

Counsel for Avue Technologies Corp.

December 19, 2005

4

)                                           )

## CERTIFICATE OF SERVICE

     Pursuant to the Rules of the American Arbitration Association, a copy of this Answering Statement and Counterclaims has been served this 19th day of December by e-mail and first-class mail to:

          Henry Stein, Esq.
          Stein & Stein
          2826 South Carriage Lane, Suite 100
          Mesa, AZ  85202

                            Andrew H. Marks